Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 210903-182785
DATE: September 30, 2021

ORDER

1. Entitlement to service connection for bilateral hearing loss is denied.

2. Entitlement to service connection for bilateral tinnitus is granted.

FINDINGS OF FACT

1. The Veteran's bilateral hearing loss was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to in-service acoustic trauma.

2. The evidence is at least in equipoise as to whether the Veteran's tinnitus had its onset in service, with continuous symptoms to the present.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss are not met. 38 U.S.C. § 1110, 1112, 5107; 38 C.F.R. § 3.102, 3.303, 3.307, 3.309, 3.385.

2. The criteria for entitlement to service connection for tinnitus are met. 38 U.S.C. § 1110, 1112, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1966 to November 1966.

In the September 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. 

In June 2021, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a May 2021 decision. In August 2021, the AOJ issued the HLR decision on appeal, which considered the evidence of record at the time of the prior May 2021 decision. Therefore, the Board may only consider the evidence of record at the time of the May 2021 decision.

The August 2021 rating decision found that new and relevant evidence had been received to readjudicate the claims of service connection for bilateral hearing loss and tinnitus. This is a favorable finding by the AOJ and the Board will proceed to the address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

Entitlement to service connection for bilateral hearing loss 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. § 1101, 1112, 1113; 38 C.F.R. § 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

The Veteran contends his bilateral hearing loss is due to acoustic trauma during service. 

The August 2021 rating decision made the favorable finding that the Veteran has a current disability of bilateral hearing loss and concedes to hazardous military noise exposure. These findings are binding on the Board and establishes an enumerated condition under 38 C.F.R. § 3.309(a); Walker, 708 F.3d 1331.

Service treatment records (STRs) do not contain complaints, treatment, or diagnosis for hearing loss. 

The Veteran had audiological evaluations during service in October 1965 and November 1966, at which time auditory thresholds were recorded. However, because it is unclear whether such thresholds were recorded in using American Standards Association (ASA) units or International Standards Organization-American National Standards Institute (ISO-ANSI) units, the Board will consider the recorded metrics under both standards, relying on the unit measurements most favorable to the Veteran's appeal. As it relates to VA examinations and VA records, audiological reports were routinely converted from ISO-ANSI results to ASA units until the end of 1975 because the regulatory standard for evaluating hearing loss was not changed to require ISO-ANSI units until September 9, 1975.

In light of the above, and where necessary to facilitate data comparison for VA purposes in the decision below, including under 38 C.F.R. § 3.385, audiometric data originally recorded using ASA standards will be converted to ISO-ANSI standard by adding between 5 and 15 decibels to the recorded data as follows:

HZs 500 1000 2000 3000 4000

add 15 10 10 10 5

In October 1965 the puretone thresholds are as follows (with thresholds converted into to ISO-ANSI unites in parentheses): 

 500 1000 2000 3000 4000

Right 5 (20) 5 (20) 0 (10) 0 (10) 5 (10)

Left 10 (25) 10 (25) 5 (15) 0 (10) 10 (15)

In November 1966 the puretone thresholds are as follows (with thresholds converted into to ISO-ANSI unites in parentheses): 

 500 1000 2000 3000 4000

Right 0 (15) 0 (10) 0 (10) N/A 0 (5)

Left 0 (15) 0 (10) 0 (10) N/A 0 (5)

Neither the original nor converted audiometric readings show hearing loss for VA purposes at entrance or separation from service. Therefore, hearing loss is not established as chronic in service.

A November 2014 report by a private physician provides an opinion that the Veteran's exposure to acoustic trauma is at least as likely as not the cause of the hearing loss. See, November 2014 Private Opinion. The examiner did note the Veteran's military occupational specialists (MOS) provided hazardous noise exposure, but he did not review the entire file. Specifically, this opinion was based only on the DD Form 214 and the examination provided that day. It did not review or address the audiometric readings in the STRs.

A February 2015 VA opinion provided an opinion that the Veteran's noise exposure to acoustic trauma was not the cause of the bilateral hearing loss because while noise exposure has been conceded to, STRs are negative for hearing loss or a significant hearing threshold shift. 

The Board finds the VA examiner's opinion probative, as it provided a clear conclusion with supporting data, and reasoned medical explanations connecting the two. Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Here several medical opinions are of record, all of which were provided by medical professionals who are presumed to have the training and expertise to opine on the medical condition. As such, each opinion is considered to constitute both competent and credible evidence, which is deemed to be probative. However, the Board must determine what evidence is the most probative.

The Board appreciates the statements written by the private physician and the Board does not question their competence and expertise. However, it was based on an incomplete factual picture and record, which detracts from its probative weight. Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (A medical opinion based on an inaccurate or incomplete factual premise is not probative.)

Ultimately, the VA examiner's opinion is given greater weight because it was based upon a comprehensive review of the claims file and medical history. The examiner clearly explained why he believed the Veteran's current hearing loss was less likely than not due to or the result of his active service.

The Board has considered the article presented by the Veteran. Medical treatise evidence can, in some circumstances, constitute competent medical evidence, especially when combined with an opinion of a medical professional. See Sacks v. West, 11 Vet. App. 314, 317 (1998); 38 C.F.R. § 3.159(a)(1). However, generic information in a medical journal or treatise is normally too general and inconclusive to constitute the sole basis for establishing a medical nexus to a disease or injury. Mattern v. West, 12 Vet. App. 222, 227 (1999); see also Wallin v. West, 11 Vet. App. 509, 514 (1998) (treatise evidence must "not simply provide speculative generic statements not relevant to the Veteran's claim").

Here, the submitted article is general and speculative in nature and has not been specifically related to the Veteran by a medical professional. As the information provided by the Veteran's representative is not specific to the facts of his case, the Board affords this evidence little probative weight. Likewise, because the 2015 VA examiner's opinion is specific to the Veteran's case, fully articulated, and supported by a well-reasoned analysis which applies the facts of the case to known medical principles such as those which are discussed in the articles provided by the Veteran, it is entitled to much greater probative value than the submitted general research.

The Board notes the Veteran's statements that his 1966 hearing tests were not accurate. See March 2021 Statement in Support of Claim. However, he made not specific contentions as to how or why it was not accurate, and upon review of the Veteran's entire record there is no showing the 1966 examination was not conducted within the medical standard.

While the Veteran is competent to report having experienced symptoms of difficulty hearing since service and consistently since service, he is not competent to provide a diagnosis in this case or determine that these symptoms were manifestations of sensorineural hearing loss for VA purposes, as the Veteran has not demonstrated the necessary medical expertise or training. The issue is medically complex, as it requires knowledge of interpretation of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). The Board gives more probative weight to the competent medical evidence in the 2015 VA examination report.

The most probative evidence shows, this disability was not chronic in service, did not manifest to a compensable degree within a presumptive period, and was not noted in service with attributable continuity of symptomatology. As such, entitlement to service connection for hearing loss is denied.

Entitlement to service connection for bilateral tinnitus

The August 2021 rating decision made the favorable finding that the Veteran has a current disability of tinnitus, and concedes to hazardous military noise exposure. These findings are binding on the Board and establishes an enumerated condition under 38 C.F.R. § 3.309(a); Walker, 708 F.3d 1331.

In a March 2021 Statement in Support of Claim, the Veteran reported his tinnitus started during service, while using firearms without any protection. He continued to explain he was able to ignore it while he was younger but that it has gotten progressively worse. The Veteran also reported constant tinnitus in the November 2014 examination and the February 2015 VA examination. The Board finds the Veteran's consistent lay reports credible.

The Veteran is competent to describe observable symptoms such as ringing in the ears. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Charles v. Principi, 16 Vet. App. at 374 (a veteran is competent to testify that he experienced ringing in his ears in service and had experienced ringing in his ears ever since service). The Veteran's competent and credible lay evidence establishes a current disability of chronic tinnitus that onset during his active service.

A February 2015 VA opinion provided an opinion that the Veteran's noise exposure to acoustic trauma was not the cause of the tinnitus, because while noise exposure has been conceded to, STRs are negative for tinnitus or a significant hearing threshold. However, the mere fact that his assertions are not supported by contemporaneous clinical evidence does not render them inherently incredible. Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("the Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence").

(Continued on the next page)

 

The Board finds the Veteran to be competent and credible concerning his tinnitus symptoms and timing thereof. The competent and credible evidence shows continuity of symptomology of his tinnitus since service. The Board finds that the evidence is at least in equipoise as to whether tinnitus began in service with continuity of symptomatology to the present. Entitlement to service connection for tinnitus is granted.

 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Brewer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.